This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.                                              **NO. 31,228**

**JOHN A. CARRUTH,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Thomas A. Rutledge, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

The Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

Defendant appeals his conviction for CSC of a minor. We proposed to affirm in a calendar notice, and we have received a memorandum in opposition to our notice. We have duly considered Defendant's arguments, but we find them unpersuasive. We affirm.

Defendant does not renew his argument that his sentence was excessive. Therefore, we affirm on that issue for the reasons discussed in our calendar notice. *See State v. Mondragon*, 107 N.M. 421, 423, 759 P.2d 1003, 1005 (Ct. App. 1988) (holding that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact).

Defendant continues to argue that it was error to deny him the opportunity to call a "late" witness to impeach the child. "We review the admission of evidence under an abuse of discretion standard." *State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72. Defendant must show that there is a reasonable probability that the exclusion of the testimony contributed to his conviction. *State v. Gonzales*, 112 N.M. 544, 552, 817 P.2d 1186, 1194 (1991). Defendant provides additional information regarding the "late" witness, explaining that the witness would have testified that he bought drugs from the child's home while the child was present, and this would have contradicted what Defendant alleges was the child's attempt "to dodge the question of whether drugs were sold out of her home." [MIO 2] As

previously discussed in our notice, the victim merely testified that she had never lied about whether drugs where present or sold out of her home. She did not testify that drugs were never present or sold from her home. We affirm on this issue.

Defendant again argues that it was error to deny his request to question the child about interactions with another child involved in a different case where Defendant was found not guilty of charges filed against him. Defendant does not point to any evidence to support his theory that the child conspired with the other child to come up with accusations against Defendant. Defendant claims, however, that "the mere fact that a young child was involved in a previous case" involving the same circumstances is enough to allow inquiry into whether the child's testimony was affected. [MIO 5] Defendant cites no authority for his claim. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that appellate court will not consider an issue if no authority is cited in support of the issue, as absent cited authority to support an argument, we assume no such authority exists). Moreover, as discussed in our calendar notice, cross-examination of a witness may be limited by the district court. *See State v. Sanders*, 117 N.M. 452, 459, 872 P.2d 870, 877 (1994). We hold that the district court did not abuse its discretion by prohibiting cross-examination regarding a separate victim in a separate case.

Defendant again claims that the evidence was insufficient to support his conviction. He argues that there was no physical evidence, but only the statement of the child to support the charge. Defendant also claims that his inability to impeach the child's credibility with his "late" witness and with cross-examination about his other criminal trial caused this case to become a "swearing match" between him and the child. As thoroughly discussed in our calendar notice, the fact finder was presented with sufficient evidence to support the conviction for CSC of a minor.

For the reasons discussed in this opinion and in our calendar notice, we affirm Defendant's conviction.

**IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**TIMOTHY L. GARCIA, Judge**